# EXHIBIT 1



CJ-2021-28
Mai

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

1) DAVID A. SIMON, an individual; 2) RAHILL &
SIMON, LLC, an Oklahoma limited liability corporation;
3) DAVID A. SIMON, DDS, PLLC, an Oklahoma
professional limited liability corporation; and
4) OKC DENTISTRY ASSOCIATES, PLLC, an
Oklahoma professional limited liability corporation,

    Plaintiffs,

vs.

1) BLUE CROSS AND BLUE SHIELD OF
OKLAHOMA, an Oklahoma corporation;
2) DENTAL NETWORK OF AMERICA, LLC, an
Illinois corporation; and 3) HEALTH CARE SERVICES
CORPORATION, an Illinois corporation,

    Defendants.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN - 5 2021

RICK WARREN
COURT CLERK
124_____

Case No. CJ-2021-28

## PETITION

COMES NOW David A. Simon, individually; Rahill & Simon, LLC; David A. Simon, DDS, PLLC, and OKC Dentistry Associates PLLC, hereinafter referred to as Plaintiffs, and for their cause of action against Blue Cross and Blue Shield of Oklahoma ("BCBSO"), Health Care Services Corporation ("HCSC") and Dental Network of America, LLC ("DNoA"), hereinafter collectively referred to as Defendants, alleges and states as follows:

1.     That Plaintiff David A Simon is and was at all times pertinent to this action a citizen and resident of Oklahoma County, State of Oklahoma.

2.     That Plaintiff Rahill & Simon LLC is and was at all times pertinent to this action an Oklahoma limited liability corporation authorized to do business in the State of Oklahoma with its principal place of business in Oklahoma County, Oklahoma.

3. That Plaintiff David A Simon, DDS, PLLC is and was at all times pertinent to this action an Oklahoma Professional Limited Liability Corporation, authorized to do business in the State of Oklahoma with its principal place of business in Oklahoma County, Oklahoma.

4. That Plaintiff OKC Dentistry Associates PLLC is and was at all times pertinent to this action an Oklahoma Limited Liability Corporation, authorized to do business in the State of Oklahoma with its principal place of business in Oklahoma County, Oklahoma.

5. That Defendant BCBSO is and was at all times pertinent to this action an Oklahoma corporation licensed to do business in the State of Oklahoma.

6. That Defendant DNoA is and was at all times pertinent to this action an Illinois corporation licensed to do business in the State of Oklahoma.

7. That DNoA is a third-party administrator in charge of paying claims pursuant to the contractual terms of the BCBSO Agreement entered into by and between Plaintiffs and BCBSO.

8. That Defendant HCSC is an Illinois corporation licensed to do business in the State of Oklahoma.

9. That HCSC is the parent of DNoA to the extent DNoA is a wholly-owned subsidiary of HCSC.

10. That jurisdiction and venue are proper herein.

11. That the amount in controversy exceeds $10,000. For federal court purposes, the amount in controversy exceeds $75,000.

12. That in or around 2004, Plaintiffs and Defendant BCBSOO entered into a Blue Traditional Participating Network Participating Dentist Agreement.

13. That since 2004, Plaintiffs, either individually or through the entities in which they practiced, e.g., Rahill & Simon, LLC., David A. Simon, DDS, PLLC, and OKC Dentistry Associates PLLC, were parties to the Agreement.

14.  That the contracts at issue were one-year contracts as part of Defendants' dental networks.

15.  That each contract included a Network fee schedule that outlined the amount to be paid based on the procedures that were performed.

16.  That Defendant BCBSO entered into an agreement with either DNoA and/or HCSC to act as a third-party administrator of the contract, allowing DNoA to set reimbursement or payment rates for services performed by Plaintiffs pursuant to the contract/agreement that Defendant BCBSO had with Plaintiffs.

17.  That Defendants have not reimbursed Plaintiffs according and pursuant to the terms of the contracts.

18.  That Defendants have breached the contracts starting in at least the calendar year 2015 to the present by underpaying the reimbursement amounts.

19.  That Plaintiffs contacted Defendant BCBSO on numerous occasions to complain about Defendants not paying the proper reimbursement amounts; however, Defendants continued to pay claims in amounts that were less than the amounts listed in the Schedules.

20.  That the actions of Defendants constitute a breach of the contracts for at least the past five years.

21.  That Plaintiffs are entitled to recover more than $75,000 as and for the breach of contract.

## **PUNITIVE DAMAGES**

22.  That Plaintiffs hereby adopt and incorporate by reference herein all material allegations as contained in paragraphs 1-21 as though fully set forth herein.

23.  That Defendants' conduct as listed above not only constitutes breach of contract, but also fraud, deception and a pattern and practice designed to take advantage of Plaintiffs and

3

others similarly situated as dentists in these networks. The allegations of fraud are based on the following specific items:

   a.  Plaintiffs and Defendant BCBSO entered into an Agreement as described above, the Defendant BCBSO promising to pay for services rendered based on the contract and representations made in accordance therewith as it relates to payments being made for certain services;

   b.  Plaintiffs relied on the Agreement and representations that they would be paid for their services pursuant to the terms of the Agreement;

   c.  Plaintiffs have come to determine that while Defendants represented, through their payments, that they were paying the full amounts, the fact is that they were underpaying claims by manipulating the classifications of services.

24. That Defendants have engaged in a systemic pattern of underpaying claims and reimbursement rates.

25. That Defendants' intentional conduct in breaching the contract has, as evidenced by its long-term conduct, history of underpayments, pattern and practice, fraud (either actual or constructive) and deception entitles Plaintiffs to recover punitive damages, as Defendants' conduct has been both reckless and intentional.

26. That Defendants' conduct, as described above, has allowed Defendants to improperly and unconscionably profit for years due to their systemic pattern and practice over the years.

27. That Oklahoma law related to punitive damages includes disgorging a person or entity of improperly profiting through continuous breaching of a contract or through the tortious breach of a contract.

28. That Plaintiffs' recovery of punitive damages includes the right to seek an amount that is equal to how Defendants improperly profited from their conduct.

29.     That Plaintiffs, upon information and belief, are entitled to more than $75,000 as and for punitive damages, both for the intentional and fraudulent conduct as listed above, but also a disgorgement of profits due to Defendants' pattern and practice of underpaying claims.

WHEREFORE, Plaintiffs now pray that judgment be rendered on their behalf and against Defendants in a sum in excess of $75,000 as and for actual damages and a sum in excess of $75,000 as and for punitive damages, together with a reasonable attorneys and interest, and all other relief this Court deems just and equitable.

By:

DURBIN, LARIMORE & BIALICK

*David Donchin* (signature)

David B. Donchin, OBA #10783
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone: (405) 235-9584
Facsimile: (405) 235-0551
ddonchin@dlb.net
  - and -
Venessa Donchin, OBA #17575
5655 N Classen Blvd.
Oklahoma City, OK 73118
Telephone: (405) 840-4357
Facsimile: (405) 421-0839
venessa@donchinlaw.com
Attorneys for Plaintiffs

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

9996.0171\18109215_1\2021.01-05 Petition